UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MASSACHUSETTS BRICKLAYERS AND
MASONS TRUST FUNDS, individually and
on behalf of others similarly situated,

               MEMORANDUM AND ORDER

            Plaintiffs,              CV 08-3178

     -against-                (Wexler, J.)

DEUTSCHE ALT-A SECURITIES, INC., et al.,

            Defendants.
----------------------------------------------------------X
APPEARANCES:

    COUGHLIN STOIA GELLER RUDMAN ROBBINS LLP
    BY: DAVID A. ROSENFELD, ESQ.
    Attorneys for Plaintiffs
    58 South Service Road, Suite 200
    Melville, New York 11747

    LABATON SUCHAROW, LLP
    BY: JONATHAN GARDNER, ESQ.
    Attorneys for Plaintiffs
    140 Broadway, 34th Floor
    New York, New York 10005

    LATHAM & WATKINS, LLP
    BY: JAMIE L. WINE, ESQ.
    Attorneys for Defendants
    885 Third Avenue
    New York, New York 10022-4834

WEXLER, District Judge

    This is a class action alleging violation of Sections 11 and 15 of the Securities Act of 1933. The action was commenced in the Supreme Court of the State of New York and was thereafter removed to this court. Initially, Defendants asserted removal was proper based solely on the Class

Action Fairness Act of 2005 ("CAFA"). In an amended notice of removal, it was alleged that removal is proper on the additional ground that this action is related to the bankruptcy proceeding of American Home Mortgage Holdings, Inc. ("AHM"), presently pending in the United States Bankruptcy Court for the District of Delaware (the "AHM Bankruptcy"). Presently before the court is Plaintiffs' motion to remand. For the reasons that follow, the motion is denied.

## BACKGROUND

### I. The Parties

Plaintiffs are the Massachusetts Bricklayers and Masons Trust Funds (the "Funds"). The Funds bring this action on their own behalf, as well as on behalf of a class of similarly situated investors (the "Plaintiff Class").

Named as a Defendant is Deutsche Alt-A, a Delaware corporation formed for the purpose of acquiring and owning mortgage loan assets and selling interests in them. Also named as Defendants are several trusts, formed by Deutsche Alt-A, for the purpose of issuing Mortgage Pass Through Certificates (the "Certificates"). Additionally named as Defendants are certain individuals who are alleged to have signed documents relating to investment in the Certificates (collectively the "Individual Defendants"). The Plaintiff Class consists of individuals and entities that acquired the Certificates, and are alleged to have suffered financial losses as a result of the acts set forth in the complaint.

### II. The Alleged Securities Act Violations

Plaintiffs allege purchase of the Certificates in reliance on a false registration statement and prospectus supplements (the "Registration Statement"), filed with the Securities and Exchange Commission between May 1, 2006 and May 1, 2007. The Registration Statement is alleged to

2

have included false information and/or omissions about the underlying mortgage loans, and more specifically, to have under-represented the risk profile of the investment described.

A.    Factual Allegations Underlying the Complaint

The false statements relate to the fact that the Certificates are supported by pools of mortgage loans, consisting primarily of loans secured by liens on residential properties. According to Plaintiffs, the Registration Statement contained false statements about the underwriting standards used in connection with the mortgages, including statements regarding: (1) the origination of the underlying mortgage loans; (2) the maximum loan value to ratio used to qualify home buyers; (3) the appraisals of properties underlying the mortgage loans and, (4) the debt to income ratios permitted in the granting of the loans.

The complaint alleges that the mortgages underlying the Certificates were issued by, among other entities, AHM. Plaintiffs state, inter alia, that representations were made regarding the "underwriting philosophy" of AHM, including a statement that AHM made loans in compliance with state and federal laws and regulations. This statement is alleged to have been false, along with other statements regarding AHM's evaluation of borrowers' income, and the company's lending practices. On August 6, 2007, AHM filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. As noted, the AHM Bankruptcy Proceeding is presently pending in the United States Bankruptcy Court for the District of Delaware.

In addition to AHM, the complaint alleges the making of false statements in connection with loans made by other mortgage lenders including Mortgage IT, Countrywide Home Loans, IndyMac Bank, F.S.B. and GreenPoint Mortgage Funding, Inc.

Plaintiffs' complaint alleges that by the Fall of 2007, the truth about the performance of

3

mortgage loans underlying the Certificates began to be revealed to the public. This increased the risk of the Certificates receiving less absolute cash flow in the future, as well as the likelihood that investors would not receive a timely return on their investment. At the same time, credit agencies began to downgrade and put negative watch labels on the Certificate classes. The Certificates are allegedly no longer marketable at any price near the prices paid by Plaintiffs. In sum, it is alleged that Plaintiffs are now exposed to much more risk with respect to the investment in the Certificates than the risk represented in the Registration Statement.

B.   Securities Laws Allegedly Violated

The federal securities laws alleged to have been violated are Sections 11 and 15 of the Securities Act of 1933 (the "1933 Act"). 15 U.S.C. §§77k and 77o. Plaintiffs' first cause of action is asserted pursuant to Section 11 of the 1933 Act, 15 U.S.C. § 77k ("Section 11"). The Section 11 claim, alleged against all Defendants except for Deutsche Alt-A, asserts that the Registration Statement was false. The Defendants named in this claim are alleged to have failed to make a reasonable investigation, or to have possessed reasonable grounds for the statements made, in the Registration Statement. Plaintiffs are alleged to have acquired the Certificates pursuant to these false statements and to have sustained damages as the value of the Certificates declined.

Plaintiffs' second cause of action, alleged pursuant to Section 15 of the 1933 Act, 15 U.S.C. § 77o, is asserted against the Individual Defendants and Deutsche Alt-A. The Individual Defendants are alleged to have been "control persons" of Deutsche Alt-A, and the Trusts, by virtue of their positions as directors and/or senior officers of Deutsche Alt-A. Liability against the Individual Defendants is alleged on the ground that they signed and, along with Deutsche Alt-A, were responsible for the preparation of the contents of the false Registration Statement.

4

III.     The Motion

As noted, this case was commenced in New York State Court, and was thereafter removed to this court. The present motion seeks remand on the ground that Section 22(a) of the 1933 Act specifically prohibits removal of 1933 Act cases filed in state court. See 15 U.S.C. §77(v)(a). Defendants, who bear the burden of proving the propriety of removal, see Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998), argue two grounds in support of their motion. First, it is argued that this case is "related to" the AHM Bankruptcy, and is therefore removable pursuant to 28 U.S.C. §1452(a). Second, Defendants argue that the case has been properly removed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which provides for removal to federal court of certain class actions where the matter in controversy exceeds the sum or value of $5 million. See 28 U.S.C. §1332(d). Plaintiffs argue that this case is neither related to the AHM bankruptcy, nor within the CAFA grant of jurisdiction.

## DISCUSSION

I.     Prior Litigation Of Same Issue

Recently, this court decided the case of City of Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust, Inc., 572 F. Supp.2d 314 (E.D.N.Y. 2008) ("Ann Arbor"). In light of the fact that Plaintiffs' counsel here represents Plaintiffs in the Ann Arbor case, counsel is well aware of at case. While the parties in Ann Arbor are different from those herein, all of the legal, and the relevant factual allegations set forth in Ann Arbor are identical to those raised here. There, as here, Plaintiffs complain of the purchase of risky mortgage backed investment instruments on the basis of false and misleading registration statements. There, as here, the complaint alleges that the instruments were issued by, among other entities, AHM. In both cases,

AHM is alleged to have falsely stated that it made loans in compliance with state and federal regulations, when, in fact, the company is alleged to have made loans on the basis of false evaluations of income and faulty lending practices.

As here, Ann Arbor was removed from the state court. A motion to remand was denied on the ground that Ann Arbor was related to the pending AHM Bankruptcy. See Ann Arbor, 572 F. Supp.2d at 318. Subsequent to the decision denying the motion to remand, Plaintiff moved for reconsideration. The motion argued that the filing of the first proposed plan of liquidation in the AHM Bankruptcy divested this court of jurisdiction. Holding that federal jurisdiction is determined as of the time of the filing of a complaint, and that such jurisdiction is not divested by subsequent events, this court denied the motion to remand. City of Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust, Inc., 2008 WL 4489892 (E.D.N.Y. October 6, 2008).

II.   Disposition of the Motion

28 U.S.C. § 1452(a) provides for removal of cases over which the court would have jurisdiction pursuant to 28 U.S.C. §1334. The latter section provides for federal jurisdiction of cases arising under, in, or "related to" to a case under Title 11 of the Bankruptcy Code. As in Ann Arbor, federal jurisdiction is asserted here pursuant to the final clause of Section 1334(b), i.e., as a case "related to" the AHM Bankruptcy.

As in Ann Arbor, the court here notes the broad scope of "related to" bankruptcy jurisdiction as interpreted by the Second Circuit. Such jurisdiction exists where the outcome of the removed litigation could "conceivably have any effect on" the bankrupt estate. In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992), citing, In re Pacor, Inc., 743 F.2d 984, 994 (3d

Cir. 1984). This broad interpretation is in accord with the instruction of the Supreme Court which has held that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995), quoting, Pacor, 743 F.2d at 944.

Without repeating the entire text of the Ann Arbor opinion, the court holds here, as it did there, that this case is sufficiently related to the AHM Bankruptcy so as to support federal jurisdiction and denial of the motion to remand. As in Ann Arbor, removal is supported by AHM's agreement to indemnify Defendants in the event that they are found liable to Plaintiffs. Id. The court further holds, as it did in the denial of the motion for reconsideration in Ann Arbor, that the filing of the August 15, 2008, proposed plan of liquidation does not divest this court of jurisdiction. Finally, as in Ann Arbor, the court expresses no opinion as to whether removal is also appropriate pursuant to CAFA, and expresses no opinion as to the merits of that argument.

## CONCLUSION

For the foregoing reasons, the motion to remand is denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       January 8, 2009

7