

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MASSACHUSETTS BRICKLAYERS AND
MASONS FUNDS and THE PIPEFITTERS'
RETIREMENT FUND LOCAL 598, Individually
and on behalf of all others similarly situated,

                                   MEMORANDUM AND ORDER

         Plaintiffs,                           CV 08-3178

      -against-                            (Wexler, J.)

DEUTSCHE ALT-A SECURITIES, et al.,

         Defendants.
-------------------------------------------------------------X
APPEARANCES:

    COUGHLIN STOIA GELLER RUDMAN ROBBINS LLP
    BY: SAMUEL H. RUDMAN, ESQ.
    Attorneys for Plaintiffs
    58 South Service Road, Suite 200
    Melville, New York 11747

    LABATON SUCHAROW LLP
    BY: CHRISTOPHER J. KELLER, ESQ.
    Attorneys for Plaintiffs
    140 Broadway, 34th Floor
    New York, New York 10005

    LATHAM & WATKINS LLP
    BY: JOSEPH M. SALAMA, ESQ.
    Attorneys for Defendants
    885 Third Avenue
    New York, New York 10022=4834

WEXLER, District Judge

    This is a class action alleging violation of Sections 11, 12(a)(2) and 15 of the Securities

Act of 1933. The allegations surrounding the complaint are almost identical to those raised in

another case before this court, see City of Ann Arbor Retirement System v. Citigroup Mortgage Loan Trust, Inc., et al., No. 08-1418 (LDW) ("City of Ann Arbor"). While the parties are different, both cases allege securities fraud violations based upon allegations of material misstatements contained in disclosure documents disseminated with respect to trusts issuing mortgage-backed securities. Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. The motion alleges lack of standing, that Plaintiffs' claims are time-barred, and that Plaintiffs have failed to properly allege any material misrepresentations.

This court recently decided a similar motion (with the exception of the statute of limitations argument) in City of Ann Arbor. For the reasons stated in that opinion, the court grants the motion to dismiss all claims made with respect to the twelve offerings in which Plaintiffs did not purchase securities. As stated in City of Ann Arbor, Plaintiffs lack standing to assert claims with respect to securities they did not purchase. Accord New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC, 2010 WL 1172694 *7-8 (S.D.N.Y. March 26, 2010); NECA_IBEW Health and Welfare Fund v. Goldman Sachs & Co., No. 08 Civ.10783 (S.D.N.Y January 28, 2010) (transcript of oral argument at 40-41) (granting motion to dismiss all claims arising out of fifteen trusts in which plaintiffs had purchased no interest).

This leaves claims with respect to two trusts – The 2006-AB4 Trust (in which Plaintiff Massachusetts Bricklayers and Masons Trust purchased bonds in the A-1A tranche) and the 2006–AR5 Trust (in which Plaintiff Pipefitters Retirement Trust purchased bonds in the II-A tranche). As to these remaining claims, the court denies the motion to dismiss these claims on the ground that they are barred by the statute of limitations. Questions of fact regarding

circumstances of discovery of allegedly false information preclude the entry of judgment at this stage of the proceedings.

To the extent that the motion is based upon the failure to set forth material misstatements, the court will take an approach similar to that taken in <u>City of Ann Arbor</u>. Like the disclosure documents there, the documents here reveal that the high risk profile of the investment offered. Given the length of the amended complaint in this matter, and the fact that most of Plaintiffs' claims have been dismissed on the ground that Plaintiffs lack standing, the court gives Plaintiffs leave to re-plead the causes of action that remain. The amended pleading (which will be the second such pleading) shall plead only the causes of action with respect to securities actually purchased by Plaintiffs. With respect to those Trusts, Plaintiffs shall specify in the pleading the tranches in which they invested. They shall also plead the false statements and/or omissions upon which they rely. They shall plead how those statements and/or omissions are tied to the loans in which they invested, and the basis for their damages claim. As in <u>City of Ann Arbor</u>, Plaintiffs shall state whether their damages claims arise from the non-payment of amounts due, or the inability to sell their interests in a secondary market. Such pleading will put the court in a better position from which to evaluate the merits of the claims alleged, particularly the issues of materiality and the impact of any promise to repurchase or substitute mortgages that did not comply with the terms of the offering materials.

Plaintiffs shall serve and file the amended pleading within thirty days of the date of this Memorandum and Order. Defendants shall answer, or otherwise move, without the necessity of a conference with the court, thirty days thereafter.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. Plaintiffs are given leave to re-plead as set forth above.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       April 6, 2010