UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MASSACHUSETTS BRICKLAYERS AND
MASONS TRUST FUND, Individually and on
Behalf of All Other Similarly Situated,

                      Plaintiff,                     **ORDER**
                                                                CV 08-3178 (LDW)(ARL)
        -against-

DEUTSCH ALT-A SECURITIES, INC., et al.,

                      Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' letter application dated September 23, 2011, seeking to compel non-party OneWest Bank, F.S.B. ("OneWest") to produce IndyMac Bank F.S.B. loan files in its possession. OneWest opposes the motion by letter dated September 28, 2011, on the ground that this court lacks jurisdiction to hear the motion. Non-party FDIC has also submitted a letter in opposition to the motion.[1] The plaintiffs seek to have OneWest comply with a subpoena issued from the United States District Court for the Central District of California, and thus, the court lacks jurisdiction to hear the motion notwithstanding the fact that the court so ordered two protective order governing the production of FDIC loan files. The plaintiffs must move the issuing court for an order compelling the production.

      Also before the court is the plaintiffs' letter application dated September 28, 2011, seeking to compel the production of documents used by Joseph Swartz, Deutsche Bank's Vice-President of Mortgage Acquisition and Due Diligence, when he testified before the FDIC on July 21, 2010. Specifically, the plaintiffs seek the production of a "summary" of the due diligence typically done on a pool of mortgage loans that Deutsche would purchase and the actual due diligence documents referenced in the summary. The defendants oppose the motion on the grounds that (1) the summary is general in nature and does not specifically address the two specific Trusts at issue in this lawsuit; (2) the summary was prepared by outside counsel in connection with Mr. Swartz' testimony before the FDIC; and (3) the audio recording of Mr. Swartz' testimony describing the summary is publically available. The defendants also contend that the summary and related materials are not likely to lead to the discovery of admissible evidence because the requested material were prepared four years after the plaintiffs purchased securities in the Trusts. The court disagrees.

      This is a class action lawsuit alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 stemming from the purchase of mortgage pass through certificates. The plaintiffs claim that they purchased the certificates relying, in part, on false statements contained in the registration statement about the underwriting standards used, the loan to value ratio on the pools of mortgage loans, the appraisal of the underlying properties and the debt to income ratios. Although the only remaining claims involve two particular trusts, namely 2006-AB4 and 2006-

---

[1] The plaintiffs' reply letter dated September 29, 2011, will not be considered by the court.

AR5, the defendants' "general" due diligence procedures are relevant. There is no dispute that the summary materials were reviewed prior to the testimony and relied upon at the hearing, there is no suggestion that the documents are privileged, and the plaintiffs' have demonstrated a basis for their production. Accordingly, the defendants are directed to produce the requested documents by October 21, 2011.

Dated: Central Islip, New York  **SO ORDERED:**
      October 7, 2011

                                                      /s/
                                  ARLENE ROSARIO LINDSAY
                                  United States Magistrate Judge