UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
MASSACHUSETTS BRICKLAYERS AND : Civil Action No. 2:08-cv-03178-LDW-ARL
MASONS TRUST FUNDS, Individually and :
On Behalf of All Others Similarly Situated, : <u>CLASS ACTION</u>
:
              Plaintiff, : [~~PROPOSED~~] ORDER PRELIMINARILY
: APPROVING SETTLEMENT AND
    vs. : PROVIDING FOR NOTICE
:
DEUTSCHE ALT-A SECURITIES, INC., et :
al., :
:
              Defendants. :
:
---------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★  MAR 29 2012  ★

LONG ISLAND OFFICE

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

WHEREAS, a class action is pending before the Court entitled *Massachusetts Bricklayers and Masons Trust Funds, and the Pipefitters' Retirement Fund Local 597 v. Deutsche Alt-A Securities, Inc.*, No. 08 Civ. 3178 (LDW) (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement, dated as of March 15, 2012 (the "Stipulation"), that has been entered into by Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiffs having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on July 11, 2012, at 11:00 A.m., at the Long Island Federal Courthouse, 944 Federal Plaza, Central Islip, New York 11722, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.20 of the

Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and the amount that each Lead Plaintiff should be reimbursed for its expenses including lost wages. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of all Persons who purchased or otherwise acquired Deutsche Alt-B Securities Mortgage Loan Trust 2006-AB4 Mortgage Pass-Through Certificates and/or Deutsche Alt-A Securities Mortgage Loan Trust 2006-AR5 Mortgage Pass-Through Certificates during the period between May 1, 2006 through May 30, 2007, inclusive (the "Relevant Time Period") and who were damaged thereby. Excluded from the Settlement Class are: the Defendants, IndyMac Bank, F.S.B., GreenPoint Mortgage Funding, Inc., American Home Mortgage Corp., Dexia SA/NV, Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Credit Local SA, Massachusetts Mutual Life Insurance Company, Federal Home Loan Bank of Boston, and Teachers Insurance and Annuity Association of America; the officers, directors, successors and assigns of Deutsche Alt-A Securities, Inc., Deutsche Bank Securities, Inc., Deutsche Bank Structured Products, Inc., IndyMac Bank, F.S.B., GreenPoint Mortgage Funding, Inc., American Home Mortgage Corp., Dexia SA/NV, Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Credit Local SA, Massachusetts Mutual Life Insurance Company, Federal Home Loan Bank of Boston, and Teachers Insurance and Annuity Association of America; members of the immediate families, the legal representatives, heirs, successors or assigns of the Individual Defendants; and any entity in which any excluded Person has or had a controlling interest. Also excluded from the

Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Notice").

4. With respect to the Settlement Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (iv) the Lead Plaintiffs and Lead Counsel will fairly and adequately represent and protect the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court approves, as to form and content, the Notice, the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 6-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) No later than ten (10) business days after entry of this Order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) No later than fourteen (14) calendar days after the Notice Date, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and transmitted over *PR Newswire*;

(c) Lead Counsel shall cause the Stipulation, its Exhibits, the Notice, and Proof of Claim to be posted on the Settlement website; and

(d) No later than thirty-eight (38) calendar days prior to the date set herein for the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing and posting.

7. Deutsche Alt-A Securities, Inc., Deutsche Bank Securities Inc. and/or DB Structured Products, Inc., to the extent they have not already done so, shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs, Lead Counsel, the Settlement Class or the Claims Administrator, their lists of Persons who held or purchased the Certificates during the Relevant Time Period, in electronic searchable form within seven (7) calendar days of execution of the Stipulation.

8. Nominees who purchased or otherwise acquired Deutsche Alt-B Securities Mortgage Loan Trust 2006-AB4 Mortgage Pass-Through Certificates and/or Deutsche Alt-A Securities Mortgage Loan Trust 2006-AR5 Mortgage Pass-Through Certificates during the Relevant Time Period shall send the Notice and Proof of Claim to all beneficial owners of such Certificates within ten (10) calendar days after receipt thereof, or send a list of the names and

addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

10. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later one hundred and twenty (120) calendar days after the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation. However, in all other respects, any such Member of the Settlement Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation, the Judgment, and the releases provided for by the Stipulation and the Judgment unless such Member of the Settlement Class has submitted a request to be excluded from the Settlement Class in the manner required by ¶ 11 of this Order.

11. Any Person who desires to request exclusion from the Settlement Class shall do so no later than twenty-one (21) calendar days prior to the Final Approval Hearing and in the

manner described in the Notice. Upon receiving any request(s) for exclusion the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and documentation accompanying them by facsimile or email.

12. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

13. Any Settlement Class Member may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

14. Any Settlement Class Member may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel or why reimbursement of Lead Plaintiffs' expenses including lost wages should or should not be made; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation or the attorneys' fees and expenses to be awarded to Lead Counsel, or reimbursement of Lead Plaintiffs' expenses including lost wages, unless that Person has filed said objection, papers and briefs with the Clerk of the United States District Court for the Eastern District of New York no later than twenty-one

(21) calendar days prior to the Final Approval Hearing, and delivered copies of any such papers to Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Labaton Sucharow LLP, Jonathan Gardner, 140 Broadway, 34th Floor, New York, NY 10005; and Latham & Watkins LLP, Jamie L. Wine, 885 Third Avenue, Suite 1000, New York, NY 10022; such that they are received on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, or to reimbursement of Lead Plaintiffs' expenses including lost wages, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. Lead Plaintiffs shall file and serve their papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses on or before thirty-eight (38) calendar days prior to the date set herein for the Final Approval Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Final Approval Hearing.

17. Neither the Defendants nor their Related Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or

expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18.   At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved and any application for reimbursement of Lead Plaintiffs expenses including lost wages.

19.   All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided in the Stipulation.

20.   Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Lead Plaintiffs or any Settlement Class Members have suffered any damages, harm or loss.

21.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated

and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: 3/29/12

Central Islip, NY

THE HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

9