

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————— x
MASSACHUSETTS BRICKLAYERS AND : Civil Action No. 2:08-cv-03178-LDW-ARL
MASONS TRUST FUNDS, Individually and :
On Behalf of All Others Similarly Situated, : CLASS ACTION
:
                         Plaintiff, : [PROPOSED] ORDER AWARDING LEAD
: COUNSEL ATTORNEYS' FEES AND
   vs. : LITIGATION EXPENSES
:
DEUTSCHE ALT-A SECURITIES, INC., et :
al., :
:
                    Defendants. :
————————————————— x



THIS MATTER having come before the Court on July 11, 2012 for a hearing to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Litigation") fees and litigation expenses and Lead Plaintiffs' expenses relating to representation of the Settlement Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Persons who purchased or otherwise acquired Deutsche Alt-B Securities Mortgage Loan Trust 2006-AB4 Mortgage Pass-Through Certificates and/or Deutsche Alt-A Securities Mortgage Loan Trust 2006-AR5 Mortgage Pass-Through Certificates during the period between May 1, 2006 through May 30, 2007, inclusive; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Litigation and over all parties to the Litigation, including all Settlement Class Members and the Claims Administrator.

2. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of March 15, 2012.

3. Notice of Lead Counsel's motion for attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure,

Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of $8,612,500, plus interest at the same rate earned by the Gross Settlement Fund (or 26.5% of the Gross Settlement Fund, which includes interest earned thereon) and payment of litigation expenses in the amount of $789,204.87, plus interest at the same rate earned by the Gross Settlement Fund, which sums the Court finds to be fair and reasonable.

5. In accordance with 15 U.S.C. §77z-1(a)(4), for their representation of the Settlement Class, Massachusetts Bricklayers and Masons Trust Funds is hereby awarded $9,770 and Pipefitters' Local 597 Retirement Fund is hereby awarded $23,387.58.

6. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Gross Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7. In making this award of attorneys' fees and litigation expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $32.5 million in cash and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiffs, institutional investors that

were directly involved in the prosecution and resolution of the Litigation and who have a substantial interest in insuring that any fees paid to Lead Counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel was moving for attorneys' fees in an amount not to exceed 29% of the Settlement Amount, plus interest, and payment of expenses incurred in connection with the prosecution of this Litigation in an amount not to exceed $950,000, plus interest, and no Settlement Class Member has filed an objection to the fees and expenses requested by Lead Counsel;

(d) Lead Counsel conducted the Litigation and achieved the Settlement with skillful and diligent advocacy;

(e) The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) Lead Counsel has devoted more than 21,000 hours, with a lodestar value of $8,765,088.75 to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and litigation expenses paid from the Gross Settlement Fund are fair and reasonable and consistent with awards in similar cases.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is hereby retained over the subject matter of this Litigation and over all parties to the Litigation, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 7/11/12
Central Islip, New York

THE HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

- 5 -