

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
MASSACHUSETTS BRICKLAYERS AND  : Civil Action No. 2:08-cv-03178-LDW-ARL
MASONS TRUST FUNDS, Individually and :
On Behalf of All Others Similarly Situated, : CLASS ACTION
:
            Plaintiff, : [~~PROPOSED~~] FINAL ORDER AND
: JUDGMENT
      vs. :
:
DEUTSCHE ALT-A SECURITIES, INC., et :
al., :
:
            Defendants. :
:
---------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   JUL 11 2012   ★

LONG ISLAND OFFICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 29, 2012, on the application of the Lead Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated as of March 15, 2012 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired Deutsche Alt-B Securities Mortgage Loan Trust 2006-AB4 Mortgage Pass-Through Certificates and/or Deutsche Alt-A Securities Mortgage Loan Trust 2006-AR5 Mortgage Pass-Through Certificates during the period between May 1, 2006 through May 30, 2007, inclusive (the "Relevant Time Period") and who were damaged thereby. Excluded from the Settlement Class are: the Defendants, IndyMac Bank, F.S.B., GreenPoint Mortgage Funding, Inc., American Home Mortgage Corp., Dexia SA/NV, Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Credit Local SA, Massachusetts Mutual Life Insurance Company, Federal Home Loan Bank of Boston, and Teachers Insurance and Annuity Association of America; the officers, directors, successors and assigns of Deutsche Alt-A Securities, Inc., Deutsche Bank Securities, Inc., Deutsche Bank Structured Products, Inc.,

- 1 -

IndyMac Bank, F.S.B., GreenPoint Mortgage Funding, Inc., American Home Mortgage Corp., Dexia SA/NV, Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Credit Local SA, Massachusetts Mutual Life Insurance Company, Federal Home Loan Bank of Boston, and Teachers Insurance and Annuity Association of America; members of the immediate families, the legal representatives, heirs, successors or assigns of the Individual Defendants; and any entity in which any excluded Person has or had a controlling interest. Notice to the Settlement Class was provided as described in paragraph 10 of this Final Order and Judgment and there have been no requests for exclusion from the Settlement Class.

4.  With respect to the Settlement Class, this Court finds, for the purposes of effectuating this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (iv) the Lead Plaintiffs and Lead Counsel will fairly and adequately represent and protect the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Settlement Class Members, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Lead Plaintiffs and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Settlement Class Members and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Upon the Effective Date, the Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Lead Plaintiffs, Settlement Class Members, and their counsel, employees, successors and assigns, from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. Beginning on April 12, 2012, the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Notice") was distributed and on April 24, 2012 the Summary Notice was published, as provided for in the Order Preliminary Approving Settlement and Providing for Notice. The distribution of the Notice and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

11. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall

be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 7/11/12
Central Islip, New York

THE HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE